May Term,
1834.

TYNER
v.
GAPIN.

actions of debt on simple contract and for rent arrear, actions on the case, other than for slander, actions of account, trespass, trespass *quare clausum fregit*, detinue and replevin for goods and chattels, shall be commenced within five years after the cause of action accrued and not after." R. C. 1831, p. 401. This is a general provision, and must be considered applicable, not only to actions which must be commenced in the Circuit Court, but to those within the jurisdiction of a justice. There is no such exception to the statute as that contended for by *Reed*. It would be very unfortunate if there were. Statutes of limitations have always been considered exceedingly valuable; and have been, very appropriately, termed statutes of repose. They induce persons to settle their accounts much more frequently than they otherwise would; and they prevent, in innumerable instances, the institution of suits for demands which had been long before satisfied. We find nothing in the language of the statute, nor in its spirit, that would authorise us to exclude from its beneficial effects, the numerous and important contracts which are within the jurisdiction of justices of the peace.

It is our opinion, therefore, that the statute of limitations is a bar to the action under consideration, and that the judgment of the Circuit Court should have been for the defendant below.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick*, for the plaintiff.
*C. Fletcher*, for the defendant.

---

### TYNER *v.* GAPIN.

A third person claimed property in goods, levied on by virtue of an attachment, and, on a trial of the right of property, obtained a verdict. The creditor appealed, and the Circuit Court, on the claimant's motion, dismissed the suit on the ground that the attachment had irregularly issued. *Held*, that the irregularity complained of was no ground for dismissing the suit.

Saturday,
May 31.

ERROR to the *Hancock* Circuit Court.

M'KINNEY, J.—*Tyner* sued out a writ of domestic attachment against *William Brown*, and the officer to whom the writ was

directed attached certain property of *Brown*, to which the de-
fendant in error, *Gapin*, asserted a claim.   A trial of the right
to the property claimed was had, and a judgment on the verdict
of the jury, in favour of the claimant, rendered. · An appeal was
taken to the Circuit Court; the cause, without the intervention
of a jury, submitted to the Court; and judgment rendered in
favour of the claimant.

A bill of exceptions shows that *Gapin* moved the Court to
dismiss the case, alleging that the original proceeding and pa-
pers in the attachment, in which *Lewis Tyner* was plaintiff and
*William Brown* defendant, were illegal and void; all the original
papers in the attachment having been sent up with the appeal;
that this motion was sustained by the Court, and judgment ren-
dered that the attached property be returned to *Gapin*, on the
ground that the bond of the plaintiff in attachment was not filed
until after the writ had issued; that *Tyner*, the defendant below,
then moved the Court to allow him to prove by the justice of the
peace, by whom the writ was issued, that the bond was filed in
his office before the writ issued, which was refused by the Court.
To the opinion of the Court sustaining the motion to dismiss
the case, and to its refusal to admit the testimony offered, *Tyner*
excepted.

Several points are made; the material one, however, and that
to which our attention will be directed, is as to the dismissal of
the case.

On a trial of the right of property, whether it be held by a
*fi. fa.* or a writ of attachment, the only question to be decided
is, to whom——to the claimant or the execution-defendant——
does the property in question belong?   The claimant, if he
recover, must prove that the property is his.   No proof by him
of tortious conduct on the part of the officer, or of irregular or
erroneous process sued out by the plaintiff, can dispense with
this duty.   It is imperative.   The assertion of a claim to the
property, and the adoption of this statutory and summary mode
of determining his right, is an admission of the legality of the
levy, precluding him from attacking the process.   It is a choice
of several remedies for his protection afforded by the law, and
his election does not clothe him with the power thus collater-
ally, of defeating a judicial proceeding to which he is not a
party.   If the writ of attachment was wrongfully sued out, the
bond of the plaintiff affords ample protection to the defendant

in that suit; or he may, at a proper time, move to quash the proceedings if there be a departure from the *statute;* for no doctrine appears to be better settled than that which requires from a party adopting this remedy, a strict and literal conformity to the provisions of the statute. The construction is strict, and no intendment in favour of the plaintiff admitted.

This view of the case renders it unnecessary to advert to the refusal of the Court to admit the testimony offered by the defendant below.

We are therefore of opinion that the Circuit Court, in dismissing the case, erred, and that the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick,* for the plaintiff.

*C. Fletcher,* for the defendant.

---

### TITUS *v.* SCANTLING and WIFE.

It is not necessary, in an action on a bond conditioned for the performance of an award, that a plea in bar admitting the execution of the bond but denying that any award had been made, should be verified by affidavit.

A plea in such case,—averring the bond to be void by the statute of another state where it was executed,—should set forth particularly the statute relied on.

APPEAL from the *Shelby* Circuit Court.

STEVENS, J.—*Scantling* and wife, plaintiffs in the Court below, declared against *Titus,* the defendant below, upon a bond made to the wife while sole for the payment of 1,000 dollars, conditioned for the performance of an award, &c. The declaration, after stating the bond and condition, alleges the making of the award, &c. and that certain sums of money were awarded to be paid to the wife, she still being sole, by the defendant, &c. of which he had notice, &c. It is then specially averred, that the plaintiffs in all things kept and performed the award on their parts, but that the defendant had failed to pay the money, &c. The declaration shows upon its face that the bond and condition, and the award, were made in *Butler* county, in the state of *Ohio,* and that the cause of action arose there, &c. The defendant craved *oyer* of the bond and condition, and then